# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 17, 2021

Lyle W. Cayce
Clerk

No. 21-10664
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Robert Erik Tovar,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CR-471-1

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Robert Erik Tovar, federal prisoner # 49118-177, pleaded guilty in 2015 to possession with intent to distribute a controlled substance, and the district court sentenced him, as a career offender under U.S.S.G. § 4B1.1, below the advisory guidelines range to 120 months of imprisonment and a

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10664

three-year term of supervised release.  Tovar appeals the denial by the district court of his motion for a compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

We review a district court's decision denying compassionate release for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).  Although we have "not said what constitutes an abuse of discretion for compassionate release claims under § 3582(c)(1)(A)(i) of the First Step Act," an abuse of discretion in the analogous § 3582(c)(2) context is shown if the district court "bases its decision on an error of law or a clearly erroneous assessment of the evidence."  *Id.* (internal quotation marks and citation omitted).

Tovar argues that the district court erred in denying his motion for compassionate release because it did not properly weigh the 18 U.S.C. § 3553(a) sentencing factors and the import of Amendment 798 to the Sentencing Guidelines.  However, his arguments amount to a mere disagreement with the court's balancing of the § 3553(a) factors, which "is not a sufficient ground for reversal." *Chambliss*, 948 F.3d at 694.

The judgment of the district court is AFFIRMED.